## Mrs. Jennie Campbell v. Mobile & Ohio Railroad Company.

## R. L. Campbell v. Same.

(Decided January 8, 1915.)

### Appeals from Hickman Circuit Court.

1. Trial—Credibility of Witness—Question for Jury.—In a common law action, tried by a jury, the credibility of a witness is for the jury, and neither the trial judge nor the Court of Appeals has a right to reject the evidence of a witness merely because his demeanor on the stand is such as to induce the belief that he is not telling the truth.

2. Damages—Stock Killed by Train—Evidence—Peremptory.—In an action to recover damages for two horses alleged to have been killed at Campbell's crossing about 3:20 A. M., on Saturday, September 16, 1911, the testimony of a witness that on a Saturday morning in September, 1911, between the hours of two and three o'clock, he saw two horses struck and killed by defendant's train at said crossing, and that the engine did not whistle for the crossing, held sufficient to take the case to the jury, and that the trial court erred in peremptorily instructing the jury to find for defendant.

JOE W. BENNETT and BENNETT, ROBBINS & THOMAS for appellants.

E. T. BULLOCK and KANE & BULLOCK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing in each case.

These two actions were heard together below and will be considered in one opinion.

Appellant, R. L. Campbell, was the owner of a horse, and appellant, Jennie Campbell, was the owner of a mare, which were killed about 3:20 A. M. on September 16, 1911, by a fast passenger train, owned and operated by appellee, Mobile & Ohio Railroad Company.

Appellants instituted two actions to recover damages. At the conclusion of the evidence in each case the trial

court directed a verdict in favor of the railroad company. On appeal to this court the judgment in each case was reversed because of the failure of the railroad company to negative the negligence imputed to it by Section 809, Kentucky Statutes, by proving that the statutory signals, required by Section 786, Kentucky Statutes, for the road crossing at which the stock were killed, were properly given. These cases were subsequently dismissed without prejudice. Afterwards the present actions were filed in which each of the appellants sought to recover damages in the sum of $250. The two cases were tried together in February, 1913, and, at the conclusion of the evidence, the trial court directed verdicts in favor of the railroad company. From the judgments entered on the verdicts these appeals are prosecuted.

On the last trial the evidence for the railroad company was to the effect that the stock were killed about 3:24 A. M. on Saturday, September 16, 1911, by a passenger train running at the rate of about 55 miles an hour. When the train was a few feet from the crossing the fireman told the engineer to look out for stock. At that time some horses were running from the east. Before the engineer could do anything the train collided with the horses. The engineer testified that he whistled for the road crossing when about a quarter of a mile away. There was further evidence to the effect that there was a curve in the track near that point, and the furthest point away from which the crossing could be seen was about 406 feet distant.

Appellants introduced a witness by the name of Stanfield, who stated that during the month of September, 1911, he spent one night at his sister's. The next morning, between two and three o'clock, he started to Moscow. When he approached the Campbell crossing he saw two horses on the crossing about 35 yards distant. The train struck the horses and killed them. The engineer did not whistle for the crossing. There was further evidence to the effect that an object on the crossing could be seen about 900 feet away.

Exactly on what ground the trial court gave the peremptory does not appear. It is argued that Stanfield's testimony does not show that the two horses which he saw killed were the horses belonging to appellants. It is also claimed that, while this witness was testifying, great beads of perspiration stood on his fore-

head, and that his manner and demeanor on the stand were such as to lead the trial judge to believe that if he ever saw any horses killed they were not the horses owned by appellants. No rule of law is better settled than that, in a common law action, tried by a jury, the credibility of a witness is for the jury. That being true, neither the trial judge nor this court has a right to reject the evidence of a witness merely because his demeanor on the stand is such as to induce the belief that he is not telling the truth. The jury being the sole judges of the credibility of a witness, it is for them to observe his demeanor and determine what credence shall be placed on his statements. Nor do we think that the testimony of the witness in question should be rejected because he did not accurately fix the day on which he claims he saw two horses killed. He says that the occurrence took place on Saturday morning between two and three o'clock at the Campbell crossing during the month of September, 1911. Though he did not identify any particular date, yet, if he saw any horses killed at all, it is by no means probable that other and different horses were killed on a Saturday morning in September at about the same hour and at the same crossing. At any rate, we think the question whether or not the horses which he saw killed were the horses of appellants was for the jury. We therefore conclude that the trial court erred to the prejudice of appellants in peremptorily instructing the jury to find for the defendant.

Judgments reversed and causes remanded for proceedings consistent with this opinion.